IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00336-BNB

CHRISTOPHER WEATHERALL,

Applicant,

v.

BRIGHAM SLOAN, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 11 2010

GREGORY C. LANGHAM
CLERK

---

AMENDED ORDER OF DISMISSAL

---

Applicant Christopher Weatherall is in the custody of the Colorado Department of Corrections (DOC) at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Weatherall, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In an order filed on February 23, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On March 8, 2010, Respondents filed their Pre-Answer Response. Mr. Weatherall filed a Reply on March 29, 2010.

In the Reply, Mr. Weatherall asserts inordinate delay regarding the processing of his Colo. R. Crim P. 35(c) postconviction motion, which has been pending in state court for eleven years. Magistrate Judge Boland, therefore, directed Respondents to respond to the Reply and brief Mr. Weatherall's inordinate delay claim. On April 27,

2010, Respondents filed a Response to the Reply, and Mr. Weatherall filed a Supplemental Reply on May 14, 2010.

The Court must construe liberally the Application, Reply, and Supplemental Reply because Mr. Weatherall is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

Mr. Weatherall asserts that he was convicted by a trial jury of second degree murder in the Denver County District Court in Case No. 95CR661 and was sentenced to forty-eight years of incarceration. He further asserts that he filed a direct appeal that was denied by the state's highest court on July 19, 1999. Mr. Weatherall also states that he filed a Colo. R. Civ. P. 35(c) postconviction motion on November 8, 1999, that originally was denied by the trial court on February 3, 2000.

On February 14, 2002, the Colorado Court of Appeals affirmed the denial of the motion in part with respect to Mr. Weatherall's conspiracy claim and remanded the motion in part with respect to Mr. Weatherall's ineffective assistance of counsel claims for a hearing on the allegations. (Pre-Answer Resp. at Ex. A.) After petitions for rehearing by both Mr. Weatherall and the State of Colorado were concluded and Mr. Weatherall's petition for certiorari review was denied, the postconviction motion was returned to the trial court in August 2003. (*Id.*., Ex. B at 18.) On January 9, 2008, the trial court denied the remanded Rule 35(c) motion along with a second postconviction motion that Mr. Weatherall had filed. *Id.* at 24.) Mr. Weatherall filed an appeal that

was dismissed on March 31, 2010. Mr. Weatherall failed to respond to the show cause order issued by the court of appeals instructing him to explain why his appeal should not be dismissed for failure to file an amended opening brief. (Resp. (Doc. No. 14), Ex. N at 49.)

Mr. Weatherall asserts one claim of malicious prosecution conspiracy. Respondents concede in the Pre-Answer Response that Mr. Weatherall's Application is timely, but they argue that Mr. Weatherall did not raise his claim as a matter of federal law either to the state court of appeals or supreme court. Respondents further argue that Mr. Weatherall has not exhausted his claim and that if he attempted to exhaust the claim now it most likely would be rejected as untimely or successive. Respondents also assert that if Mr. Weatherall were to raise his malicious prosecution claim in the appeal that he has pending in the Colorado Court of Appeals the claim would be subject to summary denial because it was not raised first in the trial court.

Respondents contend that Mr. Weatherall's claim is procedurally barred from consideration by this Court unless Mr. Weatherall can demonstrate cause for the default and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice. Respondents, therefore, conclude that Mr. Weatherall does not attempt to demonstrate cause and prejudice, and because his claim of innocence does not include new reliable evidence of exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial he fails to state a fundamental miscarriage of justice.

Respondents also argue that to the extent Mr. Weatherall's malicious prosecution conspiracy claim is read to raise a federal constitutional issue the claim still is procedurally defaulted. Respondents contend that because the Colorado Court of

Appeals found that Mr Weatherall failed to state his malicious prosecution claim with specificity as required under Colorado law the claim was denied based on a state procedural rule that is both adequate and independent.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

4

Upon review of Mr. Weatherall's opening brief in his Rule 35(c) postconviction motion, the Court finds that he did raise the malicious prosecution conspiracy claim based on federal law. (Pre-Answer Resp., Ex. E at 16-18.)

Nonetheless, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review. *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

Furthermore, "the federal habeas court 'must inquire not only if there is a state procedural bar, but whether the state itself applied the bar.' " *Brasier v. Douglas*, 815 F.2d 64, 65 (10th Cir.1987) (quoting *Morishita v. Morris*, 702 F.2d 207, 209 (10th Cir.1983)), *cert. denied*, 483 U.S. 1023 (1987)). Here, the Colorado Court of Appeals

dismissed Mr. Weatherall's malicious conspiracy claim because "he failed to allege a conspiracy or combination among those persons" . . . and "even if . . . [he] sufficiently alleged an agreement or combination among those persons, he nevertheless [ ] failed to state any <u>facts</u> that would support the existence of a conspiracy." *State of Colo. v. Weatherall*, No. 00CA0427 at 3 (Colo. App. Feb. 14, 2002).

The Colorado Court of Appeals, therefore, dismissed Mr. Weatherall's postconviction motion for failure to state a claim. Such a disposition is a decision on the merits. *See Baker v. Carr*, 369 U.S. 186, 200 (1962); 2A J. Moore, J. Lucas & G. Grotheer, Jr., **Moore's Federal Practice** ¶ 12.07 [2.-5] (2d ed. 1987). Under such circumstances, federal review is not precluded. *Osborn v. Shillinger*, 861 F.2d 612, 617 (10th Cir. 1988); (citing *Ulster County, New York v. Allen*, 442 U.S. at 153-54 (1979) (finding that "if neither the state legislature nor the state courts indicate that a federal constitutional claim is barred by some state procedural rule, a federal court implies no disrespect for the State by entertaining the claim")). Mr. Weatherall's malicious prosecution claim is not procedurally defaulted and, therefore, is not barred from federal habeas review.

Although Mr. Weatherall raises only a conspiracy claim in this action, Mr. Weatherall asserts in his Reply that the state courts have caused the inordinate delay in processing his postconviction motion, which includes other claims. The Court notes that if Mr. Weatherall were to proceed in this case with only the conspiracy claim the claims that are currently pending in state court may be subject to denial in any successive habeas action that Mr. Weatherall may file in the future. The Court, therefore, will address Mr. Weatherall's inordinate delay claim below.

Mr. Weatherall was informed in *Weatherall v. Watkins*, No. 05-cv-00487-ZLW (D. Colo. July 19, 2005) and *Weatherall v. Reid*, No. 02-cv-01726-ZLW (D. Colo. Sept. 27, 2002), that the Tenth Circuit has held unjustified delay by a state court in adjudicating a direct criminal appeal may give rise to both a due process violation and relief from the exhaustion requirement itself. *Harris v. Champion*, 15 F.3d 1538, 1555, 1557 (10th Cir. 1994) (holding that "inexcusable or inordinate delay by the state in processing claims for relief may make the state process ineffective to protect the petitioner's rights and excuse exhaustion") (quotation omitted); *see also* 28 U.S.C. § 2254(b)(1)(B)(ii) (a
§ 2254 habeas application may be granted when state process would be ineffective to protect applicant's rights).

Pursuant to *Harris v. Champion*, 48 F.3d 1127, 1132 (10th Cir. 1995), a delay of more than two years gives rise to a rebuttable presumption of the "(i) ineffectiveness of state appellate procedures sufficient to excuse exhaustion on the petitioner's underlying claims of unconstitutional trial error, and (ii) prejudice necessary to support an independent constitutional claim of deprivation of an effective direct appeal because of delay." It is not clear, however, whether an unreasonable delay in state postconviction proceedings can support an independent due process claim. Furthermore, there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987).

Mr. Weatherall's post-conviction proceeding was filed November 8, 1999, and decided by the trial court on February 3, 2000. (Pre-Answer Resp., Ex. B at 15-16.) Further, the Colorado Court of Appeals issued an order on February 14, 2002, a little

7

over two years after Mr. Weatherall first filed the post-conviction motion. (Pre-Answer Resp. at Ex. A.) In *Weatherall v. Reid*, Mr. Weatherall stated that he was responsible for the stay of the Colorado Court of Appeals' mandate and the delay in seeking a writ of certiorari with the Colorado Supreme Court. See *Weatherall v. Reid*, No. 02-cv-01726-ZLW at Doc. No. 4. The Colorado Supreme Court denied the petition on July 28, 2003, and remanded the case to the trial court. (Pre-Answer Resp., Ex I at 24.)

From August 2003 until January 2008 Mr. Weatherall's Rule 35(c) postconviction motion was pending in the trial court. Mr. Weatherall asserts that during this time he was represented by Mr. Covino who was appointed at the time his case was remanded to the trial court in 2003, but he withdrew in November 2004 due to health issues. (Supp. Reply at 14.) Mr. Weatherall contends that the trial court granted Mr. Covino's request to withdraw without conducting a hearing and determining all that Mr. Covino had achieved and whether a few months to recover from surgery would be a less detriment than appointing new counsel. (*Id.* at 20.)

Mr. Weatherall further contends that the trial court failed to appoint new counsel after Mr. Covino was allowed to withdraw, that he filed a mandamus petition with the Colorado Supreme Court regarding the delay in appointment, and that finally on November 18, 2005, in response to the Supreme Court's order to show cause, the court appointed Sarah A. Rodrigues who was affiliated with the Joffe Law firm.[1] (*Id.* at 15.) Mr. Weatherall contends that Ms. Rodrigues and Douglas and Danyel S. Joffe began representing him with optimistic talk and promises but did not proceed to a Rule 35(c)

---

[1] Mr. Weatherall argues that Respondents have misrepresented the record by asserting that Christy Sanders was appointed in January 2005 to represent him, entered an appearance, and requested discovery. (*Id.* at 16.)

8

hearing until December 2007, which caused his postconviction motion to be delayed another two years after the trial court vowed in response to the Supreme Court's order to show cause that it would make every effort to ensure the case would proceed without further delay. (*Id.* at 18-19.)

Mr. Weatherall asserts that after all the delays he concluded that a hearing would be a sham, he was powerless to prevent the sham, and all he wanted was to exhaust his postconviction motion at the state level. (*Id.* at 18.) Mr. Weatherall further asserts that Mr. and Mrs. Joffe sought appointment of counsel in his appeal because they knew he was intending to raise an ineffective assistance of counsel claim on appeal and they sought to undermine his attempt to do so. (*Id.* at 20.) Mr. Weatherall concludes that counsels' representation was "malignant" and contributed to a conspiracy in violation of his constitutional rights, and he was not responsible for the delay in his postconviction being processed in state court. (*Id.* at 20 and 22.)

Overall, Mr. Weatherall's claims are vague and conclusory. The only specific claim by Mr. Weatherall that may be of concern is the court's failure to appoint counsel for a period of a year. The Court, however, does not agree with Mr. Weatherall that Respondents have misrepresented and doctored the state court record regarding the appointment of Christy Sanders on January 12, 2005, and of the entry of appearance and request for discovery. Furthermore, the district court judge in response to the Colorado Supreme Court's order to show cause also indicated that the court was under the mistaken belief that counsel had been appointed after Mr. Covino had withdrawn. (Supp. Reply at 75.)

Even if the Court were to consider that the time from October 18, 2004, when Mr. Covino's request to withdraw was granted until November 15, 2005, when Ms.

Rodrigues entered an appearance, a little over a year, the delay possibly caused by the court would not justify a finding of inordinate and inexcusable delay and merit an excuse to exhausting state court remedies.

In *Fletcher v. Golder, et al.*, 175 Fed. Appx. 269, 2006 WL 1401638 (10th Cir. May 23, 2006), the applicant's appeal had been pending in the state court of appeals for over two years. *Fletcher*, 175 Fed. Appx. at 271. The attorney, in *Fletcher*, requested various extensions of time to obtain missing trial transcripts and records he considered necessary, to substitute new counsel, and to file appellate briefs. *Id.* The Tenth Circuit found in *Fletcher* that the two-year presumption had been rebutted because (1) the court of appeals had not abandoned Mr. Fletcher's appeal: (2) counsel's requests for extensions of time were to obtain records necessary for the appeal; (3) the court required status reports on the progress in obtaining records; and (4) additional extensions were denied to file an opening brief. *Id.*

There is nothing in the Lexis/Nexis Docket, Pre-Answer Response at Ex. B, that indicates the state district court abandoned Mr. Weatherall's postconviction motion. Also, Mr. Weatherall does not challenge in his Supplemental Reply any of the time that his postconviction motion was pending in the Colorado Court of Appeals from February 2008 until March 2010, and he does not acknowledge that his appeal was denied on March 31, 2010, for failure to file an amended opening brief.

Therefore, to the extent that Mr. Weatherall has the right to challenge a delay in processing his postconviction motion in state court, the Court finds that he fails to set forth an inordinate and inexcusable delay based on appointed counsel's alleged malignant and conspiratorial acts involving the court. Although Applicant asserts a conspiracy to delay his direct appeal and now his postconviction motion, the claims are

conclusory and vague. The Court finds no unreasonable delay in his state postconviction proceedings to support an independent due process claim.

Even though the status of Mr. Weatherall's appeal of his postconviction motion is unknown, he still has available to him the ability to file a petition for rehearing or a petition for writ of certiorari with the Colorado Supreme Court regarding the dismissal of his appeal on March 31, 2010, if he so desires. The Court, therefore, will dismiss the action without prejudice for failure to exhaust state remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Weatherall has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this __9th__ day of __August__, 2010.

BY THE COURT:

_(signature)_

CHRISTINE M. ARGUELLO,
United States District Judge, for
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00336-BNB

Christopher Weatherall
Prisoner No. 88750
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

Patricia R. Van Horn
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **AMENDED ORDER AND AMENDED JUDGMENT** to the above-named individuals on 8/11/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk